IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.   No. 2:25-cr-1801-SMD

KOMILJON TOIROV,

    Defendant.

## ALTERNATIVE FINDINGS AS TO THE COURT'S
## JUNE 18, 2025 ORDER OF RELEASE

THIS MATTER is before the Court on limited remand from the Tenth Circuit Court of Appeals for the sole purpose of entering alternative findings assuming, arguendo, "that the government's interpretation of 18 U.S.C. § 1382 and 50 U.S.C. § 797(a)(1) is correct." Doc. 31 at 1.[1]

Following the hearing on June 18, 2025, the Court found that the Defendant could be released on his own recognizance, based primarily on the government's concession that it cannot prove the two pending charges in this case if it must bear the burden of proving the elements as

---

[1] Undersigned agrees with and has adopted United States Chief Magistrate Gregory B. Wormuth's legal analysis and conclusions as to the mens rea and element requirements to prove each of these counts which is set forth in his Order Dismissing Charges in this case. Doc. 4. The government's counter-interpretation of the mens rea and element requirements are set forth most fully in its brief on the issue generally, which resulted in the Order to Dismiss in this case. *See* Gov't's Br. on Mens Rea Requirements, *In re Misdemeanor Charges Pursuant to 50 U.S.C. § 797 and 18 U.S.C. § 1382*, No. 2:25-mc-00019-GBW (D.N.M. May 5, 2025), Doc. 4. Both documents have been the center of extensive argument in this and other cases in the District of New Mexico, adopted and incorporated by reference by the parties and the Court, and are included in the Record on Appeal in the subject appeal in the Tenth Circuit, No. 25-2074. Therefore, the Court will not belabor reciting them in these alternative findings.

they have been determined by this Court. Doc. 16. Thus, under this proof requirement, the government's case is fatally flawed, and this Court will not order that defendants remain in custody when the government concedes it cannot prove its only remaining charges against them.

Prior to making the alternative findings below, the Court confirmed through sworn affidavit by Francisco Madrigal, Deputy Assistant Director with the Field Operations, Office of Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security, that as of July 31, 2025, at 11:00 a.m., the Defendant remained in the United States. Doc. 34. Assistant Director Madrigal stated that ERO is in possession of the Defendant's passport, is coordinating his return to Uzbekistan at a yet undetermined time, and that on July 30, 2025, the Defendant was transported to New York and released "on an order of supervision pending travel arrangements." *Id*. at 2.

If, instead of the Court's interpretation, the correct burden of proof is the government's interpretation of the required elements under 18 U.S.C. § 1382 and 50 U.S.C. § 797(a)(1), the Court would find the following by a preponderance of the evidence:

1. The nature and circumstances of the offenses include allegations that the Defendant intended to enter United States, and did so, from Mexico at a place not designated as a lawful port of entry, without permission and through the New Mexico National Defense Area (NMNDA), a newly designated military installation along the international border in southern New Mexico. Doc. 6. The Defendant is a citizen of Uzbekistan and his unlawful entry into the United States, a crime to which he has already pled guilty and been sentenced, *see* Doc. 8, evidences his intention to remain in the United States in contravention of the law. If released pending trial

        and not held in ICE custody, the Defendant would have the opportunity to go into society and would have little incentive to return to court to face these pending charges. *See* Doc. 17 at 36. Doing so would put him back within reach of ERO officials and facilitate his near certain removal from the United States, regardless of the outcome of this case. These facts support detention of the Defendant pending the resolution of the charges in this case, pursuant to 18 U.S.C. § 3142(g)(1).

2. Pursuant to 18 U.S.C. § 3142(g)(2), if the willfulness requirement of 50 U.S.C. § 797 can be sufficiently shown by Defendant's simultaneous illegal entry into the United States in violation of 8 U.S.C. § 1325, and if the Defendant's entry into the NMNDA while unlawfully entering the United States violates the plain text of 18 U.S.C. § 1382 with no further proof of knowledge, the weight of the United States' evidence in this case is strong and weighs in favor of detention.

3. Turning to the Defendant's history and characteristics, he is a citizen of Uzbekistan, and the government has not identified any criminal history prior to his apprehension in this case. Doc. 14 at 5; Doc. 17 at 37. The Court has received no information about the Defendant's ties to any community within the country, how he would support and sustain himself without lawful work authorization, or an approved third-party custodian who could provide housing, food, and assure his return to court. At the June 18, 2025 hearing on this matter, defense counsel explained the incredible difficulty she has had communicating with the Defendant whose native language is Uzbek, and how his time in custody was akin to solitary confinement because he was not able to communicate with guards or other inmates within the

jail. Doc. 17 at 43–44. Counsel explained the Defendant speaks Russian and has been able to communicate a little with another federal public defender who also speaks some Russian. *Id.* at 31. However, in southern New Mexico neither Uzbek nor Russian are commonly spoken or understood. If for no other reason, placement at a halfway house would therefore be untenable as the Defendant would lack the ability to communicate and understand the rules he would be expected to strictly follow. In light of the assumed weight of the United States' evidence, these factors would leave the Court unsatisfied that any condition or combination of conditions could be fashioned to assure the Defendant's return to court, pursuant to 18 U.S.C. § 3142(g)(3).

4. There is no information that the Defendant presents a danger to any other person or the community, pursuant to 18 U.S.C. § 3142(g)(4).

THEREFORE, if the government's interpretation of 18 U.S.C. § 1382 and 50 U.S.C. § 797(a)(1) is correct, based on the totality of factors described above, the Court would find by a preponderance of the evidence the Defendant presents a risk of non-appearance and no condition or combination of conditions can reasonably assure his return to court. Under those alternative facts, the Court would have detained the Defendant pending resolution of this case.

_____
SARAH M. DAVENPORT,
UNITED STATES DISTRICT JUDGE